# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELIZABETH CARRASQUILLO ORTIZ, et al.** | |
| **Plaintiffs** | **CASE NO. 13-1449 (GAG)** |
| **v.** | |
| **AMERICAN AIRLINES, INC.** | |
| **Defendant.** | |

## OPINION AND ORDER

In the case at bar, Elizabeth Carrasquillo Ortiz, Carmen Guzmán Vázquez, Daniel Ouviña, Víctor Rivera, Matilde Rodríguez Noa, Brenda Enid Vázquez Díaz, and Fred Voltaggio De Jesús (collectively "Plaintiffs") bring this suit pursuant to Puerto Rico Law No. 80 of May 30, 1976 ("Law 80"), P.R. LAWS ANN. tit. 29 §§ 185a-185m, alleging that they were wrongfully discharged by their employer, American Airlines, Inc. ("Defendant" or "American") (Docket No. 1.)[1] Plaintiffs specifically argue that Defendant violated Law 80 by not complying with the statute's order of retention of employees and seniority analysis, by occupational classification, of all company employees, including Defendant's offices outside Puerto Rico.  (Docket No. 1.)

Currently before the court are the parties' cross-motions for summary judgment.  Defendant moves for summary judgment, essentially arguing that it complied with Law 80's seniority

---

[1] This action was originally filed before the Commonwealth Court of First Instance.  Thereafter, Defendants removed the action to this court invoking title 28 Section 1446 of the United States Code.  28 U.S.C. § 1446. (See Docket No. 1.)

Civil No. 13-1449 (GAG)

analysis because such analysis is limited to Defendant's operations in Puerto Rico. (Docket No. 56.) Plaintiffs opposed Defendant's motion and requested that the court enter summary judgment in their favor, arguing that they were wrongfully discharged because Defendant retained employees of less seniority, by occupational classification, than Plaintiffs.[2] (Docket No. 71.) In sum, according to Plaintiffs, Defendant did not abide with Law 80's order of retention by failing to conduct a seniority analysis that included all employees, even those outside of Puerto Rico.

After reviewing the parties' submissions and pertinent law, the court **GRANTS** Defendant's motion for summary judgment at Docket No. 56 and **DENIES** Plaintiffs' motion for summary judgment at Docket No. 71.

## I.      Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material."

---

[2]  The undersigned granted the parties an extension of time to file their dispositive motions by May 30, 2014. (See Docket Nos. 53 & 54.)  Although Plaintiffs' motion for summary judgment was untimely, the court, within its discretion, will allow it.

Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).  The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1)(B).  If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences.  Id. at 255.  Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence.  Id.  Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation."  Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

"Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply require [the court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed."  Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010) (citing Adria Int'l Group, Inc. v. Ferré Dev. Inc., 241 F.3d 103, 107 (1st Cir. 2001)) (internal quotation marks omitted).  Although each motion for summary judgment must be decided on its own merits, each motion need not be considered in a vacuum.  Wells Real Estate, 615 F.3d at 51 (quoting P.R. American Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 133 (1st Cir. 2010)) (internal quotation marks omitted); Mercado-

Civil No. 13-1449 (GAG)

Salinas v. Bart Enterprises Int'l, Ltd., 852 F. Supp. 2d 208, 213 (D.P.R. 2011) on reconsideration in part, 889 F. Supp. 2d 265 (D.P.R. 2012). "Where, as here, cross-motions for summary judgment are filed simultaneously, or nearly so, the district court ordinarily should consider the two motions at the same time, applying the same standards to each motion." Wells Real Estate, 615 F.3d at 51 (quoting P.R. American Ins., 603 F.3d at 133) (internal quotations omitted).

## II.   Relevant Factual Background and Procedural History

The facts of this case are not at issue.  Plaintiffs admitted to all of Defendant's Statement of Uncontested Material Facts.  (See Docket No. 71 at 2.)  Defendant is a United States airline headquartered in Fort Worth, Texas and authorized to do business in the Commonwealth of Puerto Rico.  (Docket No. 45 ¶ 7.)  After encountering financial difficulties, on or about November 29, 2011, Defendant filed a petition for business reorganization under Chapter 11 of the United States Bankruptcy Code.  (Docket No. 57 ¶ 1.)  Thereafter, Defendant began a process of reorganization and reduction of labor costs that led to a reduction of the workforce.  (Id. ¶ 2.)  As a result, during the months of July and August, 2012, Plaintiffs were discharged by Defendant.  (Id. ¶ 8-11.) Plaintiffs are not aware of any employees with less seniority that still work in Puerto Rico in their particular classification after Defendant's reduction.  (Id. ¶ 14.)[3]

On May 20, 2013, Plaintiffs filed a state suit against Defendant for statutory indemnification ("mesada"), arguing they were wrongfully discharged, in violation of Law 80. (Docket No. 1.)  Subsequently, Defendant removed the case to this court.  Id.  On May 30, 2014, Defendant moved for summary judgment, arguing that Plaintiffs' claim fails as a matter of law

---

[3] At the time of dismissal, Plaintiffs were employed in the following occupational classifications:  (1) Elizabeth Carrasquillo as Staff Support in Line Maintenance; (2) Daniel Ouviña and Brenda Vázquez as Production Coordinators in Aircraft Maintenance; (3) Victor Rivera as an Engineer in Facilities Maintenance; (4) Fred Voltaggio as a Manager in the San Juan Field Division, Administration; (5) Matilde Rodríguez as a Secretary in the San Juan Marketing Passenger Sales; and (6) Carmen Guzmán as a Sales Representative in the San Juan Marketing Passenger Sales.  (Docket No. 56 at 3.)

Civil No. 13-1449 (GAG)

because they did not violate Law 80's requirements.  (Docket No. 56 at 1-2.)  Thereafter, before

Plaintiffs opposed Defendant's motion for summary judgment, they moved the court to compel

Defendant, pursuant to Fed. R. Civ. P. 37, to produce discovery that they deemed necessary to

respond to Defendants motion for summary judgment.  (Docket No. 58.)  Plaintiffs requested that

Defendant produce documents and information regarding: (1) Defendant's personnel policies and

procedures; (2) documents related to the practice of relocations or transfers of American

employees from its Puerto Rico office or branches outside of Puerto Rico; (3) information on

whether those offices or branches operate in an integrated manner or independently from one

another; and (4) information about the seniority of American employees within the same job

classification as plaintiffs, including information about employees outside of Puerto Rico.  (Docket

No. 39 ¶ 2.)

On June 25, 2014, Magistrate Judge Marcos López issued a Report and Recommendation

("R&R") on Plaintiffs' motion to compel.  (Docket No. 61.)  Both parties timely opposed the

R&R.  (Docket Nos. 62 & 63.)  On July 16, 2014, the undersigned adopted the Magistrate Judge's

R&R, granting in part and denying in part Plaintiffs' motion to compel, ordering Defendant to

provide information as to their operations in Puerto Rico.  (Docket No. 64 at 2.)

**III.    Discussion**

As noted above, Defendant argues that summary judgment should be entered in its favor

dismissing Plaintiffs' claims because it is undisputed that it complied with Law 80's requirement

when discharging Plaintiffs.  (Docket No. 56 at 5.)  Defendant contends that, at the time of

Plaintiffs' discharge, there were no employees within Plaintiffs' respective classifications with less

seniority working for American in Puerto Rico.  Id. at 2.  Therefore, Defendant posits that it was

not required to conduct Law 80's seniority analysis, as the law is strictly limited to companies

Civil No. 13-1449 (GAG)

within Puerto Rico.  Id.  In turn, Plaintiffs argue that judgment must be granted in their favor because their dismissal was unjustified due to Defendant's failure to comply with Law 80's order of retention.  (Docket No. 71 at 9.)  To wit, Plaintiffs argue that when they were terminated American retained employees with less seniority by occupational classification than Plaintiffs, thereby not abiding Law 80's order of retention of employees.  Id.  By not conducting a seniority analysis that encompassed all company employees outside of Puerto Rico, Plaintiffs argue that Defendant did not comply with Law 80's provisions.  This contention is the crux of this controversy.  Plaintiffs further argue that because their dismissal was unjustified, they are entitled to the severance payment provided by Law 80.  Id.

A.    Waiver of Law 80 Claims

As a threshold matter, Defendant argues that Plaintiffs are barred from bringing their claim because they executed a Severance Agreement in which they waived their Law 80 claims. (Docket Nos. 56 at 14; 57-13, 57-14, 57-15, 57-16, 57-17, 57-18 and 57-19.)  Plaintiffs respond by arguing that their claims are not barred because Law 80 has an anti-waiver provision that makes Plaintiffs waiver null and void.  (Docket No. 71 at 17.)

It is an undisputed fact that when Plaintiffs were discharged they signed a Severance Agreement releasing American from "any and all claims," including those applicable under state law.  (Docket No. 57 ¶ 15.)  In the Severance Agreement, Plaintiffs specifically acknowledged and agreed that the consideration they were receiving pursuant to the agreement "includes and exceeds all indemnity to which he/she would be entitled in the event his/her separation from American were construed as a termination without just cause pursuant to Law 80."  Id.  Despite this language, Plaintiffs argue that the agreement is null and void because Law 80 contains an anti-

Civil No. 13-1449 (GAG)

waiver provision that declares the absolute right that terminated employees have to statutory

severance.  Law 80's anti-waiver provision states:

> The right of an employee who is discharged from his employment without just
> cause, to receive the compensation provided in § 185a of this title, is hereby
> declared unwaiveable.  Any contract or part thereof in which the employee waives
> the compensation to which he is entitled to, pursuant to §§ 185a-185m, shall be
> null and void.

Tit. 29, § 185i.

In Ruiz-Sánchez v. Goodyear Tire & Rubber Co., 717 F. 3d 249, 252-53 (1st Cir. 2013),

the First Circuit analyzed the differing interpretations of Law 80's anti-waiver provision.

Specifically, the court discussed whether said anti-waiver provision nullifies all waivers under Law

80 claims or only invalidates prospective waivers.  Id. at 251. However, the court failed to reach a

definitive answer, and stated that "[t]his interpretative question is difficult, and we have no clear

guidance on it from the Commonwealth's highest court."  Id. at 255.  What Ruiz-Sánchez did note,

however, is that Puerto Rico law allows for release or settlement of a claim, known as a

"compromise."  Id. at 252.  "Rights granted by the laws [of Puerto Rico] may be renounced,

provided such renunciation is not contrary to law, to public interest or public order, or prejudicial

to the interest of a third person."  Id.

In the present case, Defendant argues that because the Puerto Rico Supreme Court has not

squarely ruled on this issue, it must yield to interpretation. (Docket No. 56 at 16.)  As such,

Defendant contends that the plain language in Law 80's anti-waiver provision should not be read

to nullify waivers of claims that have already accrued, suggesting that only prospective or future

claims shall be null.  Id.

The court agrees with Plaintiffs' assertion that any clause in which an employee waives his

or her rights to receive the statutory severance is null and void.  Tit. 29, § 185i.  "The language of

Civil No. 13-1449 (GAG)

an unambiguous statute typically determines its meaning . . . That is, if the plain language of the statute points unerringly in a single direction, an inquiring court ordinarily should look no further." United States v. Hilario, 218 F.3d 19, 23 (1st Cir. 2000) (citing Freytag v. Commissioner, 501 U.S. 868, 873 (1991) (internal citations omitted.)  This court finds tit. 29 § 185i to be unequivocal and utterly clear, establishing that "[A]ny contract . . . in which the employee waives the compensation to which he is entitled to . . . shall be null and void."  Id.[4]  Thus, the aforementioned waiver clause, in which Plaintiffs waived all their Law 80 claims, is undoubtedly null and void as a matter of law.

B.  Plaintiffs' alleged wrongful termination

To properly address Defendant's primary claim, the court will discuss the applicable legal principles that guide this analysis.  Puerto Rico's Law 80 is the Commonwealth's law on wrongful discharge.  Tit. 29, §§ 185a-185m.  "Puerto Rico courts have held that, for covered employees, Law 80 is the exclusive remedy for unjust dismissal."  Otero-Burgos v. Inter Am. Univ., 558 F.3d 1, 7 (1st Cir. 2009).  Law 80 imposes a monetary penalty on employers who dismiss employees without just cause.  Id. at 8.  Once an employee files a claim under Law 80, the burden of proof

---

[4] Judge Toruella's concurring opinion in Ruiz-Sanchez is enlightening:

> I concur to briefly note my disagreement with the majority's conclusion that Section 185i—Law 80's anti-waiver provision—is ambiguous. In my view, a plain reading of that provision indicates a categorical prohibition on the waiver, by contract, of an employee's Law 80 rights to compensation, prospective or accrued, including post-termination and in the extrajudicial settlement context. The statute refers generally to the rights of employees who are "discharged," in the past tense, as coming within the coverage of those who cannot waive receipt of compensation, indicating that contracts made by employees vested with accrued rights are invalid if they contain waivers of those rights. Further, the right that "is hereby declared to be unwaiveable" is not conditioned or modified, supporting a reading of categorical unwaiveability. Finally, the provision declares that "*any*" contract waiving the right to compensation due under Law 80 shall be null and void. The use of such a categorical term includes all contracts within its scope, rejecting any differentiation between pre- and post-termination contracts.  Since, as stated, we need not reach this issue at this stage, I leave the interpretation of Section 185i's scope to the Puerto Rico Supreme Court.

Ruiz-Sanchez, 717 F.3d at 256-57 (Torruella, J., concurring).

Civil No. 13-1449 (GAG)

falls on the employer to evidence that the dismissal was justified.   Varela Teron v. Banco Santander de Puerto Rico, 257 F. Supp. 2d 454, 464 (D.P.R. 2003).  "In every action instituted by an employee claiming the benefits [of Law 80] the employer is bound to plead in his answer to the complaint, the facts that led to the dismissal, and prove that it was justified."  Id. at 464.  In such cases where the employer fails to justify the termination, Law 80 requires the employer to pay the employee a severance payment known as "mesada."  Otero-Burgos, 558 F.3d at 7.  Conversely, if the employee is terminated with just cause, the employer will not be subject to liability under this law.  Id. at 7.  However, Law 80 does not expressly define *just cause*.  That being said, it does establish several circumstances under which termination is considered to be justified.   An employer must prove *just cause* for an employee's dismissal through any of the following situations:

> (a) That the worker indulges in a pattern of improper or disorderly conduct.  (b) The attitude of the employee of not performing his work in an efficient manner, or of doing it belatedly and negligently or in violation of the standards of quality of the product produced or handled by the establishment.  (c) The employee's repeated violations of the reasonable rules and regulations established for the operation of the establishment provided a written copy thereof has been opportunely furnished to the employee.  (d) Full, temporarily or partial closing of the operations of the establishment.  Provided, That in those cases in which the company has more than one office, factory, branch or plant, the full, temporary or partial closing of operations of any of these establishments shall constitute just cause for discharge pursuant to this section.  (e) Technological or reorganization changes as well as changes of style, design or the nature of the product made or handled by the establishment, and changes in the services rendered to the public. (f) Reductions in employment made necessary by a reduction in the anticipated or prevailing volume of production, sales or profits at the time of the discharge.

Tit. 29, § 185b (a)-(e).

In any case where the employee is terminated due to the reasons stated in subsection (d), (e) and (f), Law 80 establishes an order of retention.  The employer is obligated "to retain those employees of greater seniority on their job with preference, provided there are positions vacant or

9

**Civil No. 13-1449 (GAG)**

1   filled by employees of less seniority in the job within their occupational classification which may

2   be held by them . . . ."  Tit. 29, § 185c.  In other words, Law 80's seniority analysis requires the

3   employer to respect the order of retention that is determined by the employee's seniority.

4         The parties offer differing interpretations on the application of such an analysis.   Plaintiffs

5   argue that even though their dismissal was in compliance with the reasons stated in subsection

6   (d), (e) and (f), Defendant failed to comply with  Law 80's order of retention.   Plaintiffs assert

7   that because of Defendant's violation of Law 80 "American Airlines cannot raise as a defense the

8   original justification for the termination of the plaintiffs, wherefore the dismissal of the same is

9   without just cause." (Docket No. 1 ¶ 42.)  Conversely, Defendant contends that it did not have to

10   comply with Law 80's order of retention because there were no employees with less seniority left

11   in any of Plaintiffs occupational classifications.  (Docket No. 56 at 8.)  Defendant further argues

12   that Law 80's seniority analysis does not apply extraterritorially, whilst Plaintiffs argue that such

13   analysis should include all of American's employees on a worldwide basis.  The contention that

14   the seniority analysis should be calculated on a worldwide basis stems from Plaintiffs' broad

15   interpretation of state law.  Section 185c states that:

16         As to companies with several offices, factories, branches or plants in which there
        is the usual and customary practice where employees transfer from one unit to
17         another and the different units operate in a manner that is substantially integrated
        as to personnel aspects, seniority shall be calculated based on all of the employees
18         of the company, that is, taking into account all of the offices, factories, branches
        or plants which are in the occupational classification that is the subject of the
19         personnel reduction.

20   Tit. 29, § 185c (b).  Plaintiffs argue that since American operates as an integrated company and has

21   a usual practice of transferring employees (Docket No. 71 at 8), "seniority shall be calculated

22   based on all of the employees of the company . . . ."  Tit. 29, § 185c (b).

23

24                                              10

Civil No. 13-1449 (GAG)

Defendant points to a Puerto Rico Supreme Court opinion, <u>Reyes Sánchez v. Eaton</u>, 189 P.R. Dec. 586, 599 (2013), in support of its claim that Law 80's seniority analysis is limited to companies within Puerto Rico.  In <u>Reyes Sánchez</u>, the Puerto Rico Supreme Court addressed the issue of retention based on seniority of a company that has several establishments outside Puerto Rico.  Specifically, if it should include all employees of the different establishments of a company in Puerto Rico.

The Puerto Rico Supreme Court held that the seniority analysis required under tit. 29, § 185c, which deals with intra-company transfers "does not require an analysis of movement of personnel between the company's establishments on an international level." <u>Reyes Sánchez</u>, 189 P.R. Dec. 586.  (citing the parties' certified English translation at Docket No. 47-1 at 24.)   It further clarified that "this analysis is limited to determining the frequency of transfers of employees between the companies' establishments in the jurisdiction of Puerto Rico." <u>Reyes Sánchez</u>, 189 P.R. Dec. 586, Docket No. 47-1 at 24; <u>see also</u> (<u>Carrasquillo Ortiz v. Am. Airline, Inc.</u>, No. Civ. 13-1449 (GAG) 2014 WL 3546841, at *2 (D.P.R. June 25, 2014)).

Plaintiffs distinguish the set of facts in <u>Reyes Sánchez</u> from the facts in this case and reject its application. Unlike <u>Reyes Sánchez,</u> Plaintiffs argue that in this case American was doing business directly (not through a local subsidiary) in all fifty states and Puerto Rico.   Thus, Plaintiffs contend that the seniority analysis should not be limited to American's employees in Puerto Rico.  Rather, the seniority analysis should include all employees on a world-wide basis. (Docket No. 45 at 3.)  Plaintiffs also stress the fact that the inquiry in <u>Reyes Sánchez</u> dealt with employee transfers as opposed to employee seniority.   (Docket No. 74 at 9.)

The facts of <u>Reyes Sánchez</u>, although slightly different, are indeed applicable to the present case. The court finds Plaintiffs' overall arguments to be unpersuasive and completely unsupported

Civil No. 13-1449 (GAG)

by evidence.  Plaintiffs' contention, that Defendant violated Law 80 by failing to conduct a proper analysis that included all of American's employees on a worldwide basis, is unfounded and contradicted by binding precedent from the Commonwealth's highest court.  The Puerto Rico Supreme Court Rico is the final authority on interpretations of state law.  Fid. Union Trust Co. v. Field, 311 U.S. 169, 177 (1940).  "At no point in the history of [185c] did the prevailing interpretation regarding the order of retention by seniority encompass employees that work in establishments outside of Puerto Rico."  Carrasquillo Ortiz, No. Civ. 13-1449 (GAG) 2014 WL 3546841, at *3.  As this exact issue has already been addressed by the Puerto Rico Supreme Court, this court is not in any position to further expound this local statute; rather, it must apply it as authoritatively held.

The court finds that Law 80's seniority analysis is strictly limited to companies within Puerto Rico.  Here, Defendant did not have to conduct the seniority analysis because there were no employees with less seniority that remained working for American in Plaintiffs' occupational classifications.  Therefore, Plaintiffs were terminated with just cause and in compliance with Law 80's provisions.

Therefore, the court **GRANTS** Defendant's motion for summary judgment at Docket No. 56 and **DENIES** Plaintiffs' motion for summary judgment at Docket No. 71.  Accordingly, Plaintiffs' Law 80 claims are hereby **DISMISSED**.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of March, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

12